(No. 16315.—Reversed in part and affirmed in part.)

THE PEOPLE *ex rel.* Frank E. Painter, County Collector, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed December 16, 1924.*

1. TAXES—*county tax must be levied by aye and nay vote.* The statute requires that the proposition to levy a county tax, the same as an appropriation of money from the county treasury, shall be adopted by an aye and nay vote. (*People v. Wabash Railway Co. ante,* p. 388, followed.)

2. SAME—*when record is not sufficient to show aye and nay vote of county board.* The record of the board of supervisors showing that the proposition to levy taxes for county purposes was "duly put to a vote by the chairman of the board and carried by a unanimous vote of all the members of said board," is not a sufficient compliance with the statute requiring an aye and nay vote entered of record. (*People v. Chicago and Eastern Illinois Railway Co. ante,* p. 352, followed.)

3. SAME—*when consent to additional town road and bridge tax may be obtained.* The levy of an additional town road and bridge tax is valid where consent to the additional tax is obtained on the first Tuesday in September and prior to the levy of the tax.

4. SAME—*provision as to place of meeting of town auditors is directory.* The statutory provision that the meeting of the board of town auditors at which consent is given to the levy of an additional town road and bridge tax shall be held at the office of the town clerk is directory, and it will be sufficient if such meeting is held in the town hall, where it is more convenient than at the clerk's office, which is at his place of business.

APPEAL from the County Court of Henderson county; the Hon. JAMES W. GORDON, Judge, presiding.

J. A. CONNELL, and GRIER, SAFFORD & SOULE, for appellant.

M. E. NOLAN, State's Attorney, O'HARRA, O'HARRA & O'HARRA, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant, the Chicago, Burlington and Quincy Railroad Company, appealed from a judgment of the county court of Henderson county overruling objections and rendering judgment for delinquent taxes. The county tax levy was objected to for the reason that the report of the finance committee recommending the appropriation and levy was not adopted by the board of supervisors by an aye and nay vote, as required by section 54 of the County act. The additional levy of sixteen cents for road and bridge tax for the townships of Biggsville, Gladstone, Lomax, Bald Bluff and Oquawka was objected to on the ground the consent of the town auditors to the additional levy was given on the first Tuesday in September and not at a meeting held before that day. A further objection to the road and bridge tax of the towns of Gladstone and Lomax is, that the meeting at which the consent of the town auditors was given to make the additional levy was not held in the town clerk's office.

The record of the board of supervisors shows the board proceeded to determine the amount of taxes which should

314—35

be raised for all county purposes for the year 1923, and having determined the same it was "ordered by the board, on motion of supervisor Kern, seconded by supervisor Gould, and duly put to a vote by the chairman of the board and carried by a unanimous vote of all the members of said board, that there be and is hereby levied and shall be extended  \*  \*  \*  the sum of $45,000 for the following purposes," specifying the particular purposes.

Appellee contends that the statute does not require the proposition to levy a tax shall be adopted by an aye and nay vote, but that such vote is only required on a proposition to appropriate money from the county treasury. That question was decided contrary to appellee's contention in *People* v. *Wabash Railway Co.* (*ante,* p. 388.)

Appellee further contends that if an aye and nay vote is required by the statute to make a valid levy, the record shows that all members of the board were present and that the proposition was carried by unanimous vote of all the members of the board, and this was a compliance with the statute. That question was decided contrary to appellee's contention in *People* v. *Chicago and Eastern Illinois Railway Co.* (*ante,* p. 352.)

The objection to judgment for the county tax should have been sustained.

The objection that the additional levy of the road and bridge tax in the townships named was invalid because the consent of the town auditors was obtained on the first Tuesday in September and not at a meeting held before that day has been decided to the contrary in *People* v. *Illinois Central Railroad Co.* (*ante,* p. 339,) *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* (*ante,* p. 455,) and several other cases.

A further objection is made to the additional levy of road and bridge tax in the townships of Gladstone and Lomax because the meetings at which the consent of the

auditors to the levy was given were not held at the town clerks' offices. The town clerk of Gladstone township was employed in a bank and kept his books there. He testified the parties met in the bank and after some discussion of the business of the meeting they went to the town hall, taking the records with them, and there transacted the business of the meeting. W. T. Fry, town clerk of Lomax, conducted or was employed in a printing office and testified he kept his books there. The meeting at which the consent to the additional levy was given was held in the town hall, where the witness testified official business of the town was transacted. It is apparent no one was prejudiced by the meetings being held in the town halls instead of in the bank and printing office, and appellant does not claim anyone was injured thereby but says there might have been. It seems the town halls where the township business was transacted were the proper places for the meeting. Neither town clerk maintained an office for the transaction of township business but for convenience kept the books at the place of his employment. The provision of the statute that the meeting shall be held at the office of the town clerk is directory, and it cannot be that a meeting held in a town hall, without any suspicion of fraud but merely because it is a more convenient place for the meeting than a bank or printing office, will be invalid. What was done at the town hall was the same as would have been done at the bank or printing office. The objection is highly technical and without merit.

The judgment of the county court for the county tax is reversed and the judgment for the road and bridge tax is affirmed.

*Reversed in part and affirmed in part.*